UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PRIYA DEY-SARKAR,

Plaintiff,

v.

DANIEL ADESINA, *et al.*,

Defendants.

Case No. 3:23-cv-00517-MMD-CLB

ORDER

## I. SUMMARY

Plaintiff Priya Dey-Sarkar sued Defendants Daniel Adesina, State of Nevada, ex rel. Public Utilities Commission of Nevada, and NV Energy d/b/a Sierra Pacific Power Company following alleged racial and sexual harassment. (ECF No. 92 ("FAC").) She alleges seven claims under federal and state laws, including negligent retention and negligent supervision. (*Id.* at 24-33.) Before the Court is Defendants' fifth motion to dismiss, seeking dismissal of the negligent retention and negligent supervision claims. (ECF No. 106 ("Motion").)[1] As further explained below, the Court will grant the Motion because Defendants are entitled to discretionary act immunity.

## II. DISCUSSION[2]

Defendants move to dismiss Plaintiff's negligent retention and negligent supervision claims, arguing discretionary act immunity shields them from state law tort suits. (*Id.* at 4-8.) Plaintiff counters that the Court should deny the Motion because express statutory duties preclude discretionary act immunity and Defendants failed to raise a

[1]Plaintiff responded (ECF No. 107) and Defendants replied (ECF No. 109).

[2]The Court incorporates by reference the general description of Plaintiff's allegations the Court provided in an earlier order (ECF No. 91), as they have not materially changed.

discretionary act immunity defense in their prior motions to dismiss. (ECF No. 107 at 3-6.) The Court will address each argument in turn.

**A. Discretionary Act Immunity**

Defendants first argue that Plaintiff fails to state a claim because they are immune from liability under Nevada's discretionary act immunity law. (ECF No. 106 at 4-8.) Plaintiff counters that discretionary act immunity is unavailable to Defendants because their duties are operational rather than discretionary. (ECF No. 107 at 5-6.) The Court agrees with Defendants.

In Nevada, certain government actors have discretionary act immunity. *See* NRS § 41.032. NRS § 41.032 provides that no action can be brought upon a political subdivision or state agency which is "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused." An action qualifies for discretionary act immunity if it involves an element of judgement or choice and is based on considerations of public policy. *See Martinez v. Maruszczak*, 168 P.3d 720, 729 (Nev. 2007).

NRS § 41.032 shields Defendants' discretionary actions as an agency of the State of Nevada. Hiring, training, and supervising involve a sufficient element of choice that courts consistently find to be discretionary, and "decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield." *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) (citations omitted); *see also Neal-Lomax v. Las Vegas Metro. Police Dep't*, 574 F. Supp. 2d 1170, 1192 (D. Nev. 2008) ("Nevada looks to federal case law to determine the scope of discretionary immunity, and . . . federal case law consistently holds training and supervision are acts entitled to such immunity . . . .").

Plaintiff argues that discretionary act immunity is unavailable to Defendants because NRS §§ 703.150, 704.001(1), and 704.001(3) ("Statutes") create mandatory and

operational duties that are not discretionary, largely because NRS § 704.001's use of the word "safe" mandates Defendants to ensure safety. (ECF No. 107 at 5-6.) However, under a plain reading of NRS § 704.001, which states that "[i]t is hereby declared to be the purpose and policy of the Legislature in enacting this chapter . . . [t]o provide for the safe, economic, efficient, prudent and reliable operation and service of public utilities," the word "safe" cannot be reasonably interpreted to create a duty of safety. *Cf. Edmonds v. United States Dep't of Labor*, 749 F.2d 1419 (9th Cir. 1984) ("Statutory language is generally construed according to the plain meaning of the words used by Congress 'absent a clearly expressed legislative intention to the contrary.'" (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980))), *rev'd on other grounds Brock v. Pierce Cty.*, 476 U.S. 253, 106 S. Ct. 1834 (1986). Moreover, Plaintiff provides no caselaw to support her argument.

Plaintiff also cites *Grover-Armont v. Cargile*[3] to support the argument that the Statutes control and preclude discretionary act immunity in this case. (ECF No. 107 at 5.) The Court does not find the case analogous. The *Grover-Armont* court held that NRS § 484B.700 precludes discretionary act immunity. *See* 426 P.3d at 56. However, the case does not reference the Statutes, Plaintiff presents no argument that NRS § 484B.700 is comparable to the Statutes, and the language of NRS § 484B.700 differs significantly from the Statutes. Accordingly, Defendants are entitled to discretionary immunity from Plaintiff's negligent retention and negligent supervision claims.[4]

**B. Failure to State a Claim Defense**

Plaintiff also argues that the Court should deny the Motion because Defendants failed to raise a discretionary act immunity defense in their prior four motions to dismiss.

---

[3]426 P.3d 45 (Nev. App. 2018).

[4]Plaintiff alleges that Defendants engaged in bad faith conduct and therefore are exempt from discretionary act immunity. (ECF No. 107 at 6-7.) However, Plaintiff does not allege sufficient facts supporting an argument that Defendants' actions were made in bad faith.

(ECF No. 107 at 3-4.) Defendants counter that they do not violate the Federal Rules of Civil Procedure by raising a failure to state a claim defense and that the Court has discretion to permit successive motions to dismiss. (ECF No. 109 at 3-7.) The Court again agrees with Defendants.

A defendant who omits a failure to state a claim defense does not de facto waive the defense. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317-318 (9th Cir. 2017). Defendants' defense therefore remains available. Moreover, the Ninth Circuit adopted a flexible approach to Rule 12(g) where judicial efficiency may be achieved. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d at 319. Successive motions to dismiss are therefore permitted at the court's discretion where said motions "are not filed 'for the purpose of delay, where entertaining the motion would expedite the case, and where the motion would narrow the issues involved.'" *See Razaghi v. Razaghi Dev. Co., LLC*, No. 2:18-cv-01622-GMN-DJA, 2021 WL 4486342, *5 (D. Nev. Sept. 30, 2021) (citations omitted) (collecting cases); *In re WellPoint, Inc. Out-Of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 893 (C.D. Cal. 2012). Here, denying the Motion only for Defendants to later raise the same defenses again defies judicial economy and would cause unnecessary delay. Moreover, resolving the Motion now will allow the parties to litigate more efficiently moving forward.

## III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

///

///

///

///

///

It is therefore ordered that Defendants' motion to dismiss (ECF No. 106) is granted. The Cour dismisses the third claim for negligent retention and fourth claim for negligent supervision with prejudice.

DATED THIS 2nd Day of May 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE