UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PRIYA DEY-SARKAR,                )
                                 )
        Plaintiff,              )   Case Number 3:23-cv-00517-MMD-CLB
                                 )
v.                               )   ORDER SCHEDULING VIDEO
                                 )   EARLY NEUTRAL EVALUATION
DANIEL ADESINA,                  )   SESSION
                                 )   (Zoom Video Conference)
        Defendant.              )
_____)

       Pursuant to the Court-Based Early Neutral Evaluation Program in the District of Nevada as outlined in Local Rule 16-6, an Early Neutral Evaluation Session, conducted by Zoom Video Conference, is scheduled to commence on **TUESDAY, JULY 1, 2025, at 9:00 a.m.,** before Magistrate Judge Robert A. McQuaid, Jr., in courtroom to be determined, Bruce R. Thompson U.S. Courthouse and Federal Building, 400 South Virginia Street, Reno, Nevada.

       **I.**    **Purpose of Early Neutral Evaluation [LR 16-6(a)]**

       The purpose of the Early Neutral Evaluation session (ENE) is to allow the evaluating magistrate judge to give the parties a candid evaluation of the merits of their claims and defenses.

       **II.**    **Exemption motions [LR 16-6(c)]**

       Any motion to exempt this case from the ENE program must be filed no later than seven days after entry of this order scheduling the ENE.  Any response to a motion for exemption must be filed within fourteen (14) days after service of the motion.  The evaluating magistrate judge will decide the motion for exemption.

       **III.**    **Attendance of Trial Counsel and Client/Client Representatives [LR 16-6(e)]**

       All counsel of record who will be participating in the trial of this case, all parties appearing *pro se*, if any, and all individual parties must be present at the ENE.

       Unless excused by order of the court, clients, or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the ENE.  This requires the presence of the plaintiff.

ORDER SCHEDULING EARLY NEUTRAL EVALUATION - 1

The defendant shall appear in person, but if the defendant is a corporate, governmental, or other organizational entity, an authorized representative of the client must be present who can accept a settlement offer and can authorize dismissal of the action if it is settled. Such a representative of the defendant must have final settlement authority to commit the defendant to pay, in the representative's own discretion, a settlement amount up to the plaintiff's last demand. If board approval of a governmental entity will be required to authorize settlement, the attendance of at least one sitting member of the board (preferably the chairperson) is absolutely required.

Any insurance company which may be contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have a fully authorized settlement representative present. Such representative must have final settlement authority to commit the company to pay, in the attending representative's own discretion, an amount within the policy limits, or up to the Plaintiff's last demand.

The purpose of the requirement of person attendance is to have a representative present who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without the negative consequences, in order to settle the case during the ENE without consulting someone else who is not present. In the event counsel for any party is aware of any circumstance which might cast doubt on a client's or a client's representative/insurer's compliance with this paragraph, he/she shall immediately discuss the circumstance with opposing counsel to attempt to resolve it well before the ENE, and if such discussion does not resolve it, request a telephone conference with the evaluation magistrate judge and counsel.

Counsel appearing for the ENE without their client representatives or insurance company representatives, unless authorized by the court, may cause the ENE to be canceled or rescheduled. If this occurs, the non-complying party, attorney, attorney or insurer may be assessed the cost and expenses, including attorney fees, incurred by other parties and the court as a result of such cancellation, as well as any additional sanctions deemed appropriate by the court. Counsel are responsible for timely advising any involved non-party insurance company of the requirement of this order.

Any exceptions to the above attendance requirements must be submitted to this court for approval at least one week in advance of the ENE.

ORDER SCHEDULING EARLY NEUTRAL EVALUATION - 2

**IV.   Preparation for Early Neutral Evaluation Session [LR 16-6(f)]**

In preparation for the ENE, the attorneys for each party shall submit a confidential written evaluation statement for the court's *in camera* review.  The ENE statement shall be concise and shall:

    A. Identify by name or status the person with decision-making authority who, in addition to the attorney, will attend the ENE as representative of the party, and persons connected with a party opponent (including an insurer representative) whose presence might substantially improve the utility of the ENE or the prospects of settlement;

    B. Briefly describe the substance of the suit, addressing the party's views on the key liability and damages issues;

    C. Address whether there are legal or factual issues early resolution of which could reduce significantly the scope of the dispute or contribute to settlement negotiations;

    D. Describe the history and status of settlement negotiations;

    E. Include copies of documents, pictures, recordings, etc. out of which the suit arose, or the availability of which would materially advance the purposes of the evaluation session (e.g., medical reports, documents by which special damages might be determined);

    F. Discuss the strongest and weakest points of your case, both factual and legal, including a candid evaluation of the merits of your case;

    G. Estimate the cost (including attorney's fees and costs) of taking this case through trial;

    H. Describe the history of any settlement discussion and detail the demands and offers that have been made and the reason settlement discussion have been unsuccessful; and

    I. Certify that the party has made initial disclosures under Fed. R. Civ. P. 26(a)(1) and that the plaintiff has provided a computation of damages to the defendant under Fed. R. Civ. P. 26(a)(1)(A)(iii).

ORDER SCHEDULING EARLY NEUTRAL EVALUATION - 3

      J.    Attach any arbitration provision that does or may apply to the case. The statement must also certify whether the parties have discussed or agreed to arbitration and identify the pertinent details.

Each evaluation statement will remain confidential unless a party gives the court permission to reveal some or all the information in the statement before or during the session. The parties should consider, however, whether it would be beneficial to exchange non-confidential portions of their ENE statements.  LR 16-6(f)(2).

The purpose of the ENE statement is to assist the court in preparing for and conducting the ENE.  The parties should be aware that LR 16-6 requires the evaluating magistrate judge, *inter alia*, to assess the relative strengths and weaknesses of the parties' contentions and to estimate, where feasible, the likelihood of liability and the potential range of damages.  In order to facilitate a meaningful conference, your utmost candor in responding to the above-listed questions is required.  The ENE statement will not be seen by the district judge or the magistrate judge assigned to this case.  The confidentiality of each statement will be strictly maintained unless a party gives the court permission to reveal some or all the information contained within the statement.  Following the ENE, the statements will be destroyed.  LR 16-5; LR 16-6(h).

### V.    Submission of ENE Statements

The written evaluation statements shall be received by the Clerk's Office, Suite 301, not later than **4:00 p.m. on JUNE 24, 2025**. The statement should be delivered in an envelope clearly marked "Confidential, contains ENE Evaluation Statement."

Do not serve a copy on opposing counsel unless counsel have agreed to exchange non-confidential portions of their evaluation statement.

### VI.    Binding Settlement Agreement

If a settlement is achieved, the essential terms of the settlement will be placed on the record in either a sealed or unsealed format.  The Court may retain jurisdiction of the case to implement the ENE agreement and to resolve any dispute, discrepancy, or content of the terms of the settlement agreement.  Barring unique circumstances, the Court will not retain jurisdiction after a dismissal of the action is entered.

Dated this 28th day of May, 2025.

_____
ROBERT MCQUAID, JR., U.S. MAGISTRATE JUDGE

ORDER SCHEDULING EARLY NEUTRAL EVALUATION - 4